Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000066
27-APR-2012
08:25 AM

NO. CAAP-12-0000066

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JEFFERY P. WAZ, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTC-11-049070)

ORDER GRANTING MARCH 31, 2012 MOTION TO
DISMISS APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of (1) Defendant-Appellant Jeffrey P. Waz's (Appellant) March 31, 2012 motion to dismiss Appeal No. CAAP-12-0000066 for lack of jurisdiction, (2) Plaintiff-Appellee State of Hawaii's lack of response thereto, and (3) the record, it appears that we lack jurisdiction over Appellant's appeal from the Honorable T.D. Woo's January 4, 2012 judgment of conviction against Appellant for accidents involving damage to a vehicle or property in violation of HRS § 291C-13 (Supp. 2011) because the

January 4, 2012 judgment is not appealable under Hawaii Revised Statutes (HRS) § 641-12 (Supp. 2011).

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). The intermediate court of appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2011). HRS § 641-12 provides that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." It appears that the January 4, 2012 judgment is neither a final decision nor a final judgment because the sentencing in this case is incomplete. The January 4, 2012 judgment, as well as two subsequent orders entered on February 3 and April 2, 2012, indicate that the district court intends to determine the amount of restitution that the district court will require Appellant to pay as a part of his sentence. The record does not contain any order with a determination of the amount of restitution that Appellant must pay as a part of his sentence.

Under similar circumstances in an appeal from a district court judgment in a criminal case, we have held that a judgment is not final and appealable unless the sentence is final:

> Judgments of conviction are not final unless they include the final adjudication and the final sentence. In the instant case, the sentence imposed was not the final sentence because the district court expressly left open the possibility that its sentence of Kilborn might include an order requiring Kilborn to pay restitution. The court did not finally decide whether it would order Kilborn to pay restitution and, if so, in what amount. Consequently, the December 5, 2003 Judgment is not final and, because it is not final, it is not appealable.

Accordingly, IT IS HEREBY ORDERED that the appeal from the December 5, 2003 Judgment is dismissed for lack of appellate jurisdiction.

State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005). Similarly in the instant case, the January 4, 2012 judgment is not final, because the January 4, 2012 judgment indicates that the circuit court intends to sentence Appellant to restitution in an amount to be determined at some time in the future. Consequently, the sentence in the January 4, 2012 judgment is not final, and, thus, the January 4, 2012 judgment is not an appealable final judgment under HRS § 641-12. Absent an appealable final judgment in the record on appeal, we cannot exercise appellate jurisdiction over Appeal No. CAAP-12-0000066.

Therefore, IT IS HEREBY ORDERED that Appellant's March 31, 2012 motion to dismiss Appeal No. CAAP-12-0000066 for lack of jurisdiction is granted, and Appeal No. CAAP-12-0000066 is dismissed without prejudice to Appellant asserting a timely appeal from final decision or final judgment in this case that determines the amount of restitution that Appellant must pay as a part of his sentence.

DATED: Honolulu, Hawai'i, April 27, 2012.

Presiding Judge

Associate Judge

Associate Judge

-3-